# Order

Michigan Supreme Court
Lansing, Michigan

July 12, 2013

146527

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

                                               SC: 146527
                                               COA: 306085
                                               Wayne CC: 11-001669-01-FH

JOHN ALLEN ALEXANDER,
          Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the December 13, 2012 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

ZAHRA, J. (*concurring*).

I concur in the Court's decision to deny leave to appeal. The trial courts are the front line of the criminal justice system, with more than 50,000 criminal cases initiated in 2012.[1] We should not and cannot require absolute perfection. When a trial court imposes a sentence outside the sentencing guidelines, we must only require adherence to the statutory requirements. The trial court in this case fulfilled its obligation to justify its departure from the sentencing guidelines.

The Legislature has authorized trial courts to depart from a defendant's recommended minimum sentence range under the guidelines if the court "has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3). This Court has properly held that the trial court must justify not just *some* departure, but the *particular* departure in the case before it. *People v Smith*, 482 Mich 292, 303 (2008). Put another way, the trial court must justify "both the departure and the extent of the departure" on the record. *Id.* at 313. The trial court's justification of its sentence "must be sufficient to allow for effective appellate review." *People v Babcock*, 469 Mich 247, 259 n 13 (2003). But this Court has stopped short of requiring the trial court to say any "magic words." *Id.*

The trial court in this case satisfied its statutory obligation to articulate on the record substantial and compelling reasons for its departure from the guidelines in sentencing defendant. The court expressed its understanding of the guidelines, stating on

---

[1] See Michigan Supreme Court Annual Report 2012, p 31, available at http://courts.mi.gov/Administration/SCAO/Resources/Documents/Publications/Statistics /2012/2012MSCAnnualReport.pdf (accessed June 28, 2013).

the record that defendant's guidelines minimum sentence range was "29 months to 114 months." The trial court also understood that a life sentence exceeded the guidelines. Moments before the trial court imposed its sentence, the prosecutor asked the court to "exceed the guidelines and sentence the defendant to life based on a number of reasons." The trial court specifically noted that, if the facts and circumstances so warranted, it possessed the statutory authority to impose a life sentence even though that sentence would exceed the guidelines because defendant had been convicted as a fourth-offense habitual offender. MCL 769.12(1)(b). The trial court then painstakingly proceeded to list each of defendant's *thirteen* convictions, noting the many instances in which defendant was arrested for committing new crimes shortly after being released from confinement for previous crimes. The trial court then stated that "if there was any candidate who the legislature envisioned ought to receive parolable life under the Habitual 4th statute, it would be Mr. Alexander." And on that basis, the trial court exceeded the guidelines range and imposed a life sentence with the possibility of parole.

Thus, the trial court stated on the record that it was exceeding the guidelines range because of defendant's status as an habitual offender, the full extent of which was not captured by the guidelines. And the trial court justified the extent of this particular departure on the basis of the sheer number of felony convictions over a lengthy criminal career and defendant's propensity for rapid recidivism. The facts that formed the basis for the departure were objective and capable of being confirmed through an examination of the record. The trial court therefore satisfied the standard set forth in MCL 769.34(3) and our opinion in *Smith*. I would not require more from the trial courts, which toil not in the ivory tower but in the trenches of our judicial system. Thus, I concur with the Court's decision to deny leave to appeal.

YOUNG, C.J., joins the statement of ZAHRA, J.

MARKMAN, J. (*dissenting*).

I respectfully dissent. In enacting MCL 769.34(3), which governs departures from the sentencing guidelines, "the Legislature put the burden on the *trial court* to place on the record one or more substantial and compelling reasons for a particular departure. Hence, it is the *trial court* that must justify on the record both the *departure* and the *extent* of the departure." *People v Smith*, 482 Mich 292, 313 (2008) (citations omitted; emphasis altered). Here, the trial court departed from the guidelines recommended minimum sentence range of 29 to 114 months to a sentence of life imprisonment, but failed utterly to explain or justify the extent of the departure. It is not that the court provided insufficient or unpersuasive reasons for the extent of the departure, but that it gave *no* reasons. Indeed, it appears the court may have been unaware of its obligation to justify the particular sentence imposed, stating that "to the extent that [the sentence imposed] may constitute a departure," the court would "fill out a departure form *just in case*." (Emphasis added.) The court then proceeded to list a *single* "aspect" of the case

that supposedly permitted it to impose a sentence outside the guidelines range: "SENTENCE AGREEMENT." There was no sentencing agreement in this case.

At sentencing, the trial court referred to defendant's lengthy criminal record, which includes 13 prior felonies. Such a criminal history, although partially taken into account in the calculation of the guidelines range, would have been far more than sufficient, in my judgment, to explain and justify a substantial upward departure in this case. Yet it is the obligation of the trial court, not the appellate court, to explain and justify a departure. Here, the court undertook *no effort whatsoever* to explain and justify the particular departure imposed. "A sentence cannot be upheld when the connection between the reasons given for departure and the extent of the departure is unclear." *Smith*, 482 Mich at 304.

I would thus remand this case and require the trial court to articulate reasons explaining and justifying its specific departure from the guidelines range. This obligation is far more than simply an inconvenient and ponderous exercise in having the trial court dot its i's and cross its t's. Rather, it is the means chosen by the Legislature to ensure that the sentencing guidelines—one of the most far-reaching and significant pieces of criminal justice legislation ever enacted in this state—are effective in ensuring that *equivalent* sentences are imposed on persons with equivalent criminal conduct and histories and constraining the ability of sentencing judges to replace the criminal punishments set by the Legislature with criminal punishments, above and below these levels, set at their own discretion.

The concurrence explains the trial court's failure to comply with this legislative plan by observing that the trial court (a) knew it was authorized by MCL 769.12(1)(b) to exceed the guidelines range because defendant was a fourth-offense habitual offender and (b) after recounting defendant's criminal record, stated that defendant was just the type of "candidate who the legislature envisioned ought to receive parolable life . . . ." But authorization does not equal justification, and the trial court's authority to sentence above or below the guidelines is an authority that is specifically *conditioned* on justification. This is what the Legislature has made clear, MCL 769.34(3), and this is what this Court has made clear, *Smith*, 482 Mich at 313. The guidelines have operated to render our justice system fairer and replace the unfettered sentencing discretion of individual judges with the sentencing judgments of the representative branches of government. These

accomplishments are diluted when cursory statements by trial courts of what the Legislature supposedly "envisioned" are allowed to substitute for statements of actual sentencing justification as required by the law.

MCCORMACK, J., joins the statement of MARKMAN, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 12, 2013



Clerk

p0709